IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                                                                  11-CR-10-A

TALLY - HO ENTERTAINMENT L.L.C.
d/b/a RICK'S TALLY HO,

      Defendant.



---

## PLEA AGREEMENT

The defendant, TALLY - HO ENTERTAINMENT L.L.C. d/b/a RICK'S TALLY HO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to a one-count Information charging a violation of Title 21, United States Code, Section 856(a)(2) (making a place available for use for the purpose of storing, distributing and using a controlled substance), for which the maximum sentence is a $2,000,000 fine, a mandatory $400 special assessment and a term of probation of 5 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

## II.    ELEMENTS AND FACTUAL BASIS

2.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that the defendant managed or controlled the place at 5111 Genesee Street, Cheektowaga, New York, as an owner or occupant; that the defendant made the place available for use by others for the purpose of unlawfully storing, distributing or using heroin; and that the defendant did so knowingly or intentionally.

### FACTUAL BASIS

3.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> a.    From approximately December 2009 through March 3, 2010, the defendant, TALLY - HO ENTERTAINMENT L.L.C. d/b/a RICK'S TALLY HO, permitted Jay Vellon and others to store heroin, a Schedule I controlled substance, and drug paraphernalia, and to distribute and use heroin, at 5111 Genesee Street, Cheektowaga, New York. Specifically, during that period of time, the defendant operated these premises as a strip club and bar. The defendant made the premises, through persons in authority, available to Vellon to distribute heroin, and to dancers to store,

share, use and distribute heroin at the club. The defendant was aware that Vellon and various dancers were engaged in the distribution of heroin and was aware that various dancers were storing, sharing, using and distributing heroin at the premises and the defendant permitted Vellon and the others to do so. The defendant admits to this conduct.

### III.  SENTENCING GUIDELINES

4.  The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guidelines Manual, specifically Chapter 8, Part C, thereof, which pertains to the Sentencing of Organizations.

5.  The government and the defendant agree that, pursuant to Guidelines Sections 8A1.1, 8A1.2 and 8C2.10, a fine amount will be determined pursuant to Guidelines Section 8C2.10 and the factors set forth in Title 18, United States Code, Sections 3553 and 3572. The defendant understands that a fine may be imposed up to the maximum fine authorized by statute.

6.  It is the understanding of the government and the defendant that the defendant's sentencing range would be a fine of $0 to $2,000,000 and a period of probation of 1 to 5 years. Notwithstanding this, the defendant understands that at sentencing

-3-

the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

7.  The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines provisions set forth above. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

8.  The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  **STATUTE OF LIMITATIONS**

9.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or

related to the unlawful possession, manufacture, distribution or importation of controlled substances and making a place available for use to store and distribute controlled substances, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V.  GOVERNMENT RIGHTS AND RESERVATIONS

10.  At sentencing, the government agrees to take no position as to the specific sentence imposed by the Court.

11.  The defendant understands that the government has reserved the right to:

    a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

    b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

    c.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines, in the event that subsequent to this agreement the government receives previously

unknown information regarding the recommendation or factor.

12. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. <u>APPEAL RIGHTS</u>

13. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for a fine and probation set forth in Section III, ¶ 6, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves its right to argue the correctness of the defendant's sentence.

14. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the

defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

15. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for a fine and probation set forth in Section III, ¶ 6, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. FORFEITURE

16. The defendant agrees not to contest the forfeiture of, agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest in, and agrees to the entry of a Preliminary Order of Forfeiture against the Sum of Three Hundred and fifty Thousand ($350,000.00) United States Currency, pursuant to Title 21, United States Code, Section 853(a)(1).

17. The defendant agrees that the sum of $350,000.00 was property constituting, or derived from, any proceeds obtained

directly or indirectly from violations of Title 21, United States Code, Section 856(a)(2), as set forth in Count I of the Information. The defendant agrees to fully assist the government in the forfeiture of the sum of $350,000.00 and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the Defendant's interest in the sum of $350,000.00 to the United States of America, as deemed necessary by the government.

18. The defendant agrees to immediately, and without delay, pay the sum of $350,000.00 to the United States of America. Said payment shall be in the form of either a bank check or certified U.S. funds and shall be made payable to the "United States Marshals Service for the Western District of New York.

19. The forfeiture of the sum of $350,000.00 will be referenced in the <u>PRELIMINARY ORDER OF FORFEITURE</u>. The defendant hereby waives any other notice of such Order.

20. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the sum of $350,000.00. The defendant knowingly, intelligently and voluntarily waives all constitutional, legal and equitable defenses to the

forfeiture of the sum of $350,000.00 in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the sum of $350,000.00 to the United States.

21. The defendant agrees that forfeiture of the sum of $350,000.00 as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution or any other penalty this court may impose upon the defendant in addition to forfeiture.

22. The defendant agrees to the entry of a Preliminary Order of Forfeiture for the sum of $350,000.00 and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that it understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the

court to advise it of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

23. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of the sum of $350,000.00 as provided in this agreement.

### VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

24. This plea agreement represents the total agreement between the defendant, TALLY - HO ENTERTAINMENT L.L.C. d/b/a RICK'S TALLY HO, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
GEORGE C. BURGASSER
Assistant U.S. Attorney

Dated:  May 12, 2011

I have read this agreement, which consists of 12 pages. I have had a full opportunity to discuss this agreement with my attorney, Joel L. Daniels, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
TALLY - HO ENTERTAINMENT L.L.C.
d/b/a RICK'S TALLY HO
Defendant
By: *Richard A. Snowden* President

Dated: May 17th, 2011

_____
JOEL L. DANIELS, ESQ.
Attorney for the Defendant

Dated: May 12, 2011

The corporate defendant, TALLY - HO ENTERTAINMENT L.L.C. d/b/a RICK'S TALLY HO, by its attorney, Joel L. Daniels, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, TALLY - HO ENTERTAINMENT L.L.C., d/b/a RICK'S TALLY HO, acknowledges that all the terms of this agreement, which consists of 12 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Joel L. Daniels, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____  _____
TALLY - HO ENTERTAINMENT L.L.C.  JOEL L. DANIELS, ESQ.
d/b/a RICK'S TALLY HO           Attorney for Defendant Corporation
Defendant
By: _____ President

Dated: _____, 2011       Dated: _____, 2011